**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                                    Case No. 05-30308-WRS
                                                                         Chapter 7
RICARDO A. LUNA
LEIGH LUNA,

    Debtors

SUSAN SHIROCK DEPAOLA, TRUSTEE,

    Plaintiff                                        Adv. Pro. No. 05-3084-WRS

 v.

WARREN BROOKS,

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on the Motion to Dismiss Counts II and III of the Complaint by Defendant Warren Brooks, Jr., (Doc. 7) on February 28, 2006. Plaintiff Susan S. DePaola was present by counsel Richard D. Shinbaum and Defendant Warren Brooks, Jr., was present by counsel Richard A. Lawrence.

## I. FACTS

As this Adversary Proceeding is before the Court on the Defendant's motion to dismiss, the Court will accept as true, for the purposes of this motion, all of the well-pleaded factual allegations in the complaint. Williams v. Mohawk Industries, Inc., 411 F.3d 1252, 1255 (11th Cir. 2005). The underlying Chapter 7 bankruptcy case was filed on February 4, 2005. On January 19, 2005, about three weeks earlier, the Debtors granted a mortgage in favor of Brooks in

the amount of $50,000, on certain of the Debtors' real property. The mortgage was given to secure an antecedent unsecured indebtedness. There was no contemporaneous exchange of value at the time the mortgage was executed. In addition, the Debtors were insolvent at the time they granted the mortgage to Brooks. The Trustee seeks to set aside the mortgage or, alternatively, to obtain the value of the mortgage from Brooks. The Trustee alleges preference and fraudulent conveyance theories.

## II. LAW

"A complaint should not be dismissed pursuant to Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.'" Williams v. Mohawk Industries, Inc., 411 F.3d 1252, 1256 (11th Cir. 2005)(citing Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998)).

Examination of the Trustee's complaint indicates a wealth of legal theories under which she may proceed. First, the grant of a mortgage to secure an antecedent unsecured indebtedness is a voidable preference. It is quite clearly a transfer to a creditor, on account of an antecedent debt, made within 90 days of the date of the petition and if the mortgage is not set aside, it will enable Brooks to receive more than had the transfer not been made. 11 U.S.C. § 547. For this reason alone, the Court could deny the motion to dismiss, however, there are at least two other theories under which the Trustee may proceed.

Second, the facts allege a claim for a fraudulent conveyance. The complaint alleges that the property in question has a value of $509,000 and a first mortgage in the amount of

$459,000. The Court could infer from the facts alleged that the mortgage to Brooks was made to hinder, delay and defraud creditors. Therefore, sufficient facts have been alleged to state a claim pursuant to 11 U.S.C. § 548(a)(1)(A). In the alternative, the Court could find that the debtor received less than a reasonably equivalent value for the exchange. 11 U.S.C. § 548(a)(1)(B). The Court finds that complaint states a claim pursuant to 11 U.S.C. § 548.

Third, the complaint alleges that the mortgage in favor of Brooks was not properly perfected and therefore avoidable pursuant to 11 U.S.C. § 544. The complaint contains no further specifics as to why this is so and for this reason it may not be a model of clarity. However, the purpose of a complaint is to put a defendant on notice as to why he is being sued. It cannot be said that under no set of facts can the Trustee prevail on this claim.

Brooks argues in general terms that the complaint is not specific enough, stating that it gives him insufficient notice of the Trustee's claim. This argument fails for three reasons. First, Brooks fails to set forth a standard which the complaint fails to satisfy. Rather, he alleges in general terms that the complaint lacks specifics but does not explain why. Second, Brooks fails to cite any authority in support of his proposition. Third, his argument is contrary to law. Eg., <u>Williams v. Mohawk Industries, Inc.</u>, 411 F.3d 1252, 1256 (11th Cir. 2005). For these reasons, the motion to dismiss will be denied by way of a separate document.

Done this 2nd day of March, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Richard D. Shinbaum, Attorney for Plaintiff
Richard A. Lawrence, Attorney for Defendant